**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BOSTON DYNAMICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:22-cv-01483-MN |
| v. | ) | |
| | ) | |
| GHOST ROBOTICS CORPORATION | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |

**GHOST ROBOTICS CORPORATION'S FIRST AMENDED ANSWER**

Ghost Robotics Corporation ("Ghost Robotics" or "Defendant") by and through its undersigned counsel, hereby responds to the Complaint filed by Boston Dynamics, Inc. ("Boston Dynamics" or "Plaintiff"). Ghost Robotics has included for organization purposes the headings from Plaintiff's Complaint, but has not responded as none includes an allegation and no response is required. Ghost Robotics responds to the allegations in the numbered paragraphs as follows:

**NATURE OF THE ACTION**

1.     Ghost Robotics admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies any infringement.

2.     Ghost Robotics admits that the Complaint purports to seek relief for infringement of certain patents, but denies any infringement and that any relief should be awarded.

**PARTIES**

3.     Ghost Robotics lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.      Ghost Robotics admits the facts alleged in Paragraph 4.

## JURISDICTION AND VENUE

5.      Ghost Robotics admits that the Complaint purports to state a cause of action arising under the patent laws of the United States of America, Title 35 of the United States Code, among other claims, including 35 U.S.C. §§ 1, 271. Ghost Robotics admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a). Ghost Robotics denies any remaining allegations in Paragraph 5 of the Complaint.

6.      Ghost Robotics admits that this Court has personal jurisdiction over Ghost Robotics. Ghost Robotics denies any remaining allegations in Paragraph 6 of the Complaint.

7.      Ghost Robotics admits that venue is proper in this Court. Ghost Robotics denies any remaining allegations in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8.      Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9.      Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10.      Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.      Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12.      Ghost Robotics admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 9,308,648. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13.     Ghost Robotics admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 9,662,791. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies them.

14.     Ghost Robotics admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 11,123,869. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies them.

15.     Ghost Robotics admits that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 9,387,588. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies them.

16.     Ghost Robotics admits that Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 11,073,842. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies them.

17.     Ghost Robotics admits that Exhibit F to the Complaint purports to be a copy of U.S. Patent No. 10,253,855. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies them.

18.     Ghost Robotics admits that Exhibit G to the Complaint purports to be a copy of U.S. Patent No. 11,131,368. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19.     Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.     Ghost Robotics admits that it makes, uses, offers to sell, and/or sells, and/or imports a product called the Vision 60. Ghost Robotics also admits that Exhibit H to the Complaint purports to be a copy of a document with the words Vision 60 on the first page. Ghost Robotics also admits that Exhibit I to the Complaint purports to be a copy of a document with the words Ghost Vision 60 on the first page. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies them.

22.     Ghost Robotics admits that it makes, uses, offers to sell, and/or sells, and/or imports a product called the Spirit 40. Ghost Robotics also admits that Exhibit J to the Complaint purports to be a copy of a document with the words Ghost Spirit$^{TM}$ 40 | Q-UGV$^{TM}$ on the first page. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23.     Ghost Robotics admits that it received a letter dated July 7, 2020, from Jason P. Fiorillo, purporting to be Plaintiff's counsel. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies them.

24.     Ghost Robotics admits that it received a letter dated March 1, 2021, from Jason P. Fiorillo, purporting to be Plaintiff's counsel, which references, *inter alia*, the '648, '791, '588, and '855 patents. Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies them.

25.     Ghost Robotics admits that it received a letter dated May 9, 2022, from Jason P. Fiorillo, purporting to be Plaintiff's counsel. Ghost Robotics denies any remaining allegations in Paragraph 25.

26.     Ghost Robotics admits that it received a letter dated May 9, 2022, from Jason P. Fiorillo, purporting to be Plaintiff's counsel, which references, *inter alia*, the '648, '791, '869, '588, '842, and '855 patents. Ghost Robotics denies any remaining allegations in Paragraph 26.

## COUNT I—INFRINGEMENT OF U.S. PATENT NO. 9,308,648

27.     Ghost Robotics incorporates by reference as if fully set forth herein its Answers to Paragraphs 1-26 of the Complaint.

28.     Ghost Robotics denies the allegations of Paragraph 28.

29.     Ghost Robotics denies the allegations of Paragraph 29.

30.     Ghost Robotics admits that column 11, lines 11-47 of the '648 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 30.

31.     Ghost Robotics admits that page 1 of Exhibit J to the Complaint recites, *inter alia*, "**The Ultimate Research Robot.** Built on same software, SDK and electronics as the Vision and Wraith series Q-UGVs for enterprise and military." Ghost Robotics denies the remaining allegations of Paragraph 31.

32.     Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation.** Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 32.

33.     Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation.** Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 33.

34.     Ghost Robotics denies the allegations of Paragraph 34.

35.     Ghost Robotics denies the allegations of Paragraph 35.

36.     Ghost Robotics denies the allegations of Paragraph 36.

30368568v.1

37.    Ghost Robotics admits that column 12, lines 46 to column 13, line 13 of the '648 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 37.

38.    Ghost Robotics denies the allegations of Paragraph 38.

39.    Ghost Robotics admits that page 1 of Exhibit J to the Complaint recites, *inter alia*, "**The Ultimate Research Robot.** Built on same software, SDK and electronics as the Vision and Wraith series Q-UGVs for enterprise and military." Ghost Robotics denies the remaining allegations of Paragraph 39.

40.    Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation.** Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 40.

41.    Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation.** Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 41.

42.    Ghost Robotics denies the allegations of Paragraph 42.

43.    Ghost Robotics denies the allegations of Paragraph 43.

44.    Ghost Robotics denies the allegations of Paragraph 44.

45.    Ghost Robotics denies the allegations of Paragraph 45.

46.    Ghost Robotics denies the allegations of Paragraph 46.

47.    Ghost Robotics denies the allegations of Paragraph 47.

48.    Ghost Robotics denies the allegations of Paragraph 48.

49.     Ghost Robotics admits that it received letters dated March 1, 2021, and May 9, 2022, from Jason P. Fiorillo, purportedly Plaintiff's counsel, which reference the '648 patent. Ghost Robotics denies any remaining allegations in Paragraph 49.

50.     Ghost Robotics denies the allegations in Paragraph 50.

51.     Ghost Robotics denies the allegations in Paragraph 51.

52.     Ghost Robotics denies the allegations in Paragraph 52.

53.     Ghost Robotics denies the allegations in Paragraph 53.

54.     Ghost Robotics denies the allegations in Paragraph 54.

55.     Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56.     Ghost Robotics denies the allegations in Paragraph 56.

57.     Ghost Robotics denies the allegations in Paragraph 57.

58.     Ghost Robotics denies the allegations in Paragraph 58.

## COUNT II—INFRINGEMENT OF U.S. PATENT NO. 9,662,791

59.     Ghost Robotics incorporates by reference as if fully set forth herein its Answers to Paragraphs 1-58 of the Complaint.

60.     Ghost Robotics denies the allegations in Paragraph 60.

61.     Ghost Robotics denies the allegations in Paragraph 61.

62.     Ghost Robotics admits that column 11, lines 29-53 of the '791 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 62.

63.     Ghost Robotics admits that page 1 of Exhibit J to the Complaint recites, *inter alia*, "**The Ultimate Research Robot**. Built on same software, SDK and electronics as the Vision and Wraith series Q-UGVs for enterprise and military." Ghost Robotics denies the remaining allegations of Paragraph 63.

64.     Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation**. Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 64.

65.     Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation**. Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 65.

66.     Ghost Robotics denies the allegations of Paragraph 66.

67.     Ghost Robotics denies the allegations of Paragraph 67.

68.     Ghost Robotics denies the allegations of Paragraph 68.

69.     Ghost Robotics admits that page 1 of Exhibit J to the Complaint recites, *inter alia*, "**The Ultimate Research Robot**. Built on same software, SDK and electronics as the Vision and Wraith series Q-UGVs for enterprise and military." Ghost Robotics denies the remaining allegations of Paragraph 69.

70.     Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation**. Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 70.

71.     Ghost Robotics admits that page 3 of Exhibit J to the Complaint recites, *inter alia*, "**Self-Right & Inverted Operation**. Self-right from any immobilization; operate in inverted position." Ghost Robotics denies the remaining allegations of Paragraph 71.

72.     Ghost Robotics denies the allegations in Paragraph 72.

73.     Ghost Robotics denies the allegations in Paragraph 73.

74.     Ghost Robotics denies the allegations in Paragraph 74.

75.     Ghost Robotics denies the allegations in Paragraph 75.

76.     Ghost Robotics denies the allegations in Paragraph 76.

77.     Ghost Robotics denies the allegations in Paragraph 77.

78.     Ghost Robotics denies the allegations in Paragraph 78.

79.     Ghost Robotics admits that it received letters dated March 1, 2021, and May 9,

2022, from Jason P. Fiorillo, purportedly Plaintiff's counsel, which reference the '791 patent.

Ghost Robotics denies any remaining allegations in Paragraph 79.

80.     Ghost Robotics denies the allegations in Paragraph 80.

81.     Ghost Robotics denies the allegations in Paragraph 81.

82.     Ghost Robotics denies the allegations in Paragraph 82.

83.     Ghost Robotics denies the allegations in Paragraph 83.

84.     Ghost Robotics denies the allegations in Paragraph 84.

85.     Ghost Robotics lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 85, and therefore denies them.

86.     Ghost Robotics denies the allegations in Paragraph 86.

87.     Ghost Robotics denies the allegations in Paragraph 87.

88.     Ghost Robotics denies the allegations in Paragraph 88.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 11,123,869

89.     Ghost Robotics incorporates by reference as if fully set forth herein its Answers to

Paragraphs 1-88 of the Complaint.

90.     Ghost Robotics denies the allegations in Paragraph 90.

91.     Ghost Robotics denies the allegations in Paragraph 91.

92.     Ghost Robotics admits that column 22, lines 11-33 of the '869 patent recites the

quoted language. Ghost Robotics denies the remaining allegations of Paragraph 92.

93.     Ghost Robotics denies the allegations in Paragraph 93.

94.     Ghost Robotics denies the allegations in Paragraph 94.

95.     Ghost Robotics denies the allegations in Paragraph 95.

96.     Ghost Robotics denies the allegations in Paragraph 96.

97.     Ghost Robotics denies the allegations in Paragraph 97.

98.     Ghost Robotics denies the allegations in Paragraph 98.

99.     Ghost Robotics denies the allegations in Paragraph 99.

100.    Ghost Robotics denies the allegations in Paragraph 100.

101.    Ghost Robotics admits that column 23, lines 34-65 of the '869 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 101.

102.    Ghost Robotics denies the allegations of Paragraph 102.

103.    Ghost Robotics denies the allegations of Paragraph 103.

104.    Ghost Robotics denies the allegations in Paragraph 104.

105.    Ghost Robotics denies the allegations in Paragraph 105.

106.    Ghost Robotics denies the allegations in Paragraph 106.

107.    Ghost Robotics denies the allegations in Paragraph 107.

108.    Ghost Robotics denies the allegations in Paragraph 108.

109.    Ghost Robotics denies the allegations in Paragraph 109.

110.    Ghost Robotics denies the allegations in Paragraph 110.

111.    Ghost Robotics denies the allegations in Paragraph 111.

112.    Ghost Robotics denies the allegations in Paragraph 112.

113.    Ghost Robotics denies the allegations in Paragraph 113.

114.    Ghost Robotics admits that it received a letter dated May 9, 2022, from Jason P. Fiorillo, purportedly Plaintiff's counsel, which references the '869 patent. Ghost Robotics denies any remaining allegations in Paragraph 114.

115.    Ghost Robotics denies the allegations in Paragraph 115.

116.    Ghost Robotics denies the allegations in Paragraph 116.

117.    Ghost Robotics denies the allegations in Paragraph 117.

118.    Ghost Robotics denies the allegations in Paragraph 118.

119.    Ghost Robotics denies the allegations in Paragraph 119.

120.    Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

121.    Ghost Robotics denies the allegations in Paragraph 121.

122.    Ghost Robotics denies the allegations in Paragraph 122.

123.    Ghost Robotics denies the allegations in Paragraph 123.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,387,588

124.    Ghost Robotics incorporates by reference as if fully set forth herein its Answers to Paragraphs 1-123 of the Complaint.

125.    Ghost Robotics denies the allegations in Paragraph 125.

126.    Ghost Robotics denies the allegations in Paragraph 126.

127.    Ghost Robotics admits that column 32, line 55 through column 33, line 3 of the '588 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 127.

128.    Ghost Robotics admits that page 3 of Exhibit I to the Complaint recites, *inter alia*, "Any Terrain Traverse a range of terrains & substrates, including stairs using vision and blind-mode." Ghost Robotics denies the remaining allegations of Paragraph 128.

-11-

129.    Ghost Robotics denies the allegations in Paragraph 129.

130.    Ghost Robotics denies the allegations in Paragraph 130.

131.    Ghost Robotics denies the allegations in Paragraph 131.

132.    Ghost Robotics admits that column 34, lines 9-20 of the '588 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 132.

133.    Ghost Robotics denies the allegations in Paragraph 133.

134.    Ghost Robotics denies the allegations in Paragraph 134.

135.    Ghost Robotics denies the allegations in Paragraph 135.

136.    Ghost Robotics denies the allegations in Paragraph 136.

137.    Ghost Robotics denies the allegations in Paragraph 137.

138.    Ghost Robotics denies the allegations in Paragraph 138.

139.    Ghost Robotics admits that it received letters dated March 1, 2021, and May 9, 2022, from Jason P. Fiorillo, purportedly Plaintiff's counsel, which reference the '588 patent. Ghost Robotics denies any remaining allegations in Paragraph 139.

140.    Ghost Robotics denies the allegations in Paragraph 140.

141.    Ghost Robotics denies the allegations in Paragraph 141.

142.    Ghost Robotics denies the allegations in Paragraph 142.

143.    Ghost Robotics denies the allegations in Paragraph 143.

144.    Ghost Robotics denies the allegations in Paragraph 144.

145.    Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore denies them.

146.    Ghost Robotics denies the allegations in Paragraph 146.

147.    Ghost Robotics denies the allegations in Paragraph 147.

148.    Ghost Robotics denies the allegations in Paragraph 148.

### COUNT V –INFRINGEMENT OF U.S. PATENT NO. 11,073,842

149.    Ghost Robotics incorporates by reference as if fully set forth herein its Answers to Paragraphs 1-148 of the Complaint.

150.    Ghost Robotics denies the allegations in Paragraph 150.

151.    Ghost Robotics denies the allegations in Paragraph 151.

152.    Ghost Robotics admits that column 32, line 55 through column 33, line 14 of the '842 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 152.

153.    Ghost Robotics denies the allegations of Paragraph 153.

154.    Ghost Robotics denies the allegations in Paragraph 154.

155.    Ghost Robotics denies the allegations in Paragraph 155.

156.    Ghost Robotics denies the allegations in Paragraph 156.

157.    Ghost Robotics denies the allegations in Paragraph 157.

158.    Ghost Robotics admits that column 33, line 41 through column 34, line 20 of the '842 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 158.

159.    Ghost Robotics denies the allegations in Paragraph 159.

160.    Ghost Robotics denies the allegations of Paragraph 160.

161.    Ghost Robotics denies the allegations in Paragraph 161.

162.    Ghost Robotics denies the allegations in Paragraph 162.

163.    Ghost Robotics denies the allegations in Paragraph 163.

164.    Ghost Robotics denies the allegations in Paragraph 164.

165.    Ghost Robotics denies the allegations in Paragraph 165.

166.     Ghost Robotics denies the allegations in Paragraph 166.

167.     Ghost Robotics denies the allegations in Paragraph 167.

168.     Ghost Robotics denies the allegations in Paragraph 168.

169.     Ghost Robotics admits that it received a letter dated May 9, 2022, from Jason P. Fiorillo, purportedly Plaintiff's counsel, which references the '842 patent. Ghost Robotics denies any remaining allegations in Paragraph 169.

170.     Ghost Robotics denies the allegations in Paragraph 170.

171.     Ghost Robotics denies the allegations in Paragraph 171.

172.     Ghost Robotics denies the allegations in Paragraph 172.

173.     Ghost Robotics denies the allegations in Paragraph 173.

174.     Ghost Robotics denies the allegations in Paragraph 174.

175.     Ghost Robotics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.

176.     Ghost Robotics denies the allegations in Paragraph 176.

177.     Ghost Robotics denies the allegations in Paragraph 177.

178.     Ghost Robotics denies the allegations in Paragraph 178.

## COUNT VI—INFRINGEMENT OF U.S. PATENT NO. 10,253,855

179.     Ghost Robotics incorporates by reference as if fully set forth herein its Answers to Paragraphs 1-178 of the Complaint.

180.     Ghost Robotics denies the allegations in Paragraph 180.

181.     Ghost Robotics denies the allegations in Paragraph 181.

182.     Ghost Robotics admits that column 29, lines 15-40 of the '855 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 182.

183.     Ghost Robotics denies the allegations of Paragraph 183.

-14-

184.     Ghost Robotics admits that page 2 of Exhibit I to the Complaint states, *inter alia*, "Ghost believes in 'more software than hardware' approach. We use software springs that allow very accurate control of compliance by measuring forces through the legs at 2kHz/sec, through its high-bandwidth actuators, and giving our robots the fidelity of life," and "The V60 Q-UGV uses a standard drive-train with no exotic motors. It requires no leg force sensors or vision sensors to move across unstructured environments, allowing it to explore further, move faster, and recover after falls and other failures. When used in conjunction with safeguard avoidance and vision sensors, blind-mode allows for safer and more robust stability." Ghost Robotics denies the remaining allegations in Paragraph 184.

185.     Ghost Robotics denies the allegations in Paragraph 185.

186.     Ghost Robotics admits that page 6 of Exhibit I to the Complaint states, *inter alia*, "IP67^ sealed single-piece construction quick-change 3DOF leg pod with motors located proximally to minimize inertia." Ghost Robotics denies the remaining allegations in Paragraph 186.

187.     Ghost Robotics denies the allegations in Paragraph 187.

188.     Ghost Robotics denies the allegations in Paragraph 188.

189.     Ghost Robotics denies the allegations in Paragraph 189.

190.     Ghost Robotics admits that page 2 of Exhibit I to the Complaint states, *inter alia*, "Ghost believes in 'more software than hardware' approach. We use software springs that allow very accurate control of compliance by measuring forces through the legs at 2kHz/sec, through its high-bandwidth actuators, and giving our robots the fidelity of life," and page 6 of Exhibit I to the Complaint states, *inter alia*, "Removable Vibram standard & substrate-specific toes. Future

-15-

aggressive angle and ice options^." Ghost Robotics denies the remaining allegations in Paragraph 190.

191.    Ghost Robotics denies the allegations in Paragraph 191.

192.    Ghost Robotics admits that column 32, lines 13-32 of the '855 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 192.

193.    Ghost Robotics denies the allegations in Paragraph 193.

194.    Ghost Robotics admits that page 2 of Exhibit I to the Complaint states, *inter alia*, "Ghost believes in 'more software than hardware' approach. We use software springs that allow very accurate control of compliance by measuring forces through the legs at 2kHz/sec, through its high-bandwidth actuators, and giving our robots the fidelity of life," and "The V60 Q-UGV uses a standard drive-train with no exotic motors. It requires no leg force sensors or vision sensors to move across unstructured environments, allowing it to explore further, move faster, and recover after falls and other failures. When used in conjunction with safeguard avoidance and vision sensors, blind-mode allows for safer and more robust stability." Ghost Robotics denies the remaining allegations in Paragraph 194.

195.    Ghost Robotics denies the allegations in Paragraph 195.

196.    Ghost Robotics admits that page 6 of Exhibit I to the Complaint states, *inter alia*, "IP67^ sealed single-piece construction quick-change 3DOF leg pod with motors located proximally to minimize inertia." Ghost Robotics denies the remaining allegations in Paragraph 196.

197.    Ghost Robotics denies the allegations in Paragraph 197.

198.    Ghost Robotics denies the allegations in Paragraph 198.

199.    Ghost Robotics denies the allegations in Paragraph 199.

-16-

200.     Ghost Robotics denies the allegations in Paragraph 200.

201.     Ghost Robotics admits that page 6 of Exhibit I to the Complaint states, *inter alia*,
"IP67^ sealed single-piece construction quick-change 3DOF leg pod with motors located
proximally to minimize inertia." Ghost Robotics denies the remaining allegations in Paragraph
201.

202.     Ghost Robotics denies the allegations in Paragraph 202.

203.     Ghost Robotics denies the allegations in Paragraph 203.

204.     Ghost Robotics denies the allegations in Paragraph 204.

205.     Ghost Robotics denies the allegations in Paragraph 205.

206.     Ghost Robotics admits that it received letters dated March 1, 2021, and May 9,
2022, from Jason P. Fiorillo, purportedly Plaintiff's counsel, which reference the '855 patent.
Ghost Robotics denies any remaining allegations in Paragraph 206.

207.     Ghost Robotics denies the allegations in Paragraph 207.

208.     Ghost Robotics denies the allegations in Paragraph 208.

## COUNT VII—INFRINGEMENT OF U.S. PATENT NO. 11,131,368

209.     Ghost Robotics incorporates by reference as if fully set forth herein its Answers to
Paragraphs 1-208 of the Complaint.

210.     Ghost Robotics denies the allegations in Paragraph 210.

211.     Ghost Robotics denies the allegations in Paragraph 211.

212.     Ghost Robotics admits that column 29, lines 23-43 of the '368 patent recites the
quoted language. Ghost Robotics denies the remaining allegations of Paragraph 212.

213.     Ghost Robotics denies the allegations in Paragraph 213.

214.     Ghost Robotics admits that page 2 of Exhibit I to the Complaint states, *inter alia*,
"Ghost believes in 'more software than hardware' approach. We use software springs that allow

-17-

very accurate control of compliance by measuring forces through the legs at 2kHz/sec, through its high-bandwidth actuators, and giving our robots the fidelity of life," and "The V60 Q-UGV uses a standard drive-train with no exotic motors. It requires no leg force sensors or vision sensors to move across unstructured environments, allowing it to explore further, move faster, and recover after falls and other failures. When used in conjunction with safeguard avoidance and vision sensors, blind-mode allows for safer and more robust stability." Ghost Robotics denies the remaining allegations in Paragraph 214.

215.    Ghost Robotics denies the allegations in Paragraph 215.

216.    Ghost Robotics admits that page 6 of Exhibit I to the Complaint states, *inter alia*, "IP67^ sealed single-piece construction quick-change 3DOF leg pod with motors located proximally to minimize inertia." Ghost Robotics denies the remaining allegations in Paragraph 216.

217.    Ghost Robotics denies the allegations in Paragraph 217.

218.    Ghost Robotics denies the allegations in Paragraph 218.

219.    Ghost Robotics denies the allegations in Paragraph 219.

220.    Ghost Robotics denies the allegations in Paragraph 220.

221.    Ghost Robotics admits that column 30, line 48 through column 31, line 4 of the '368 patent recites the quoted language. Ghost Robotics denies the remaining allegations of Paragraph 221.

222.    Ghost Robotics denies the allegations in Paragraph 222.

223.    Ghost Robotics admits that page 2 of Exhibit I to the Complaint states, *inter alia*, "Ghost believes in 'more software than hardware' approach. We use software springs that allow very accurate control of compliance by measuring forces through the legs at 2kHz/sec, through

-18-

its high-bandwidth actuators, and giving our robots the fidelity of life," and "The V60 Q-UGV uses a standard drive-train with no exotic motors. It requires no leg force sensors or vision sensors to move across unstructured environments, allowing it to explore further, move faster, and recover after falls and other failures. When used in conjunction with safeguard avoidance and vision sensors, blind-mode allows for safer and more robust stability." Ghost Robotics denies the remaining allegations in Paragraph 223.

224.    Ghost Robotics denies the allegations in Paragraph 224.

225.    Ghost Robotics admits that page 6 of Exhibit I to the Complaint states, *inter alia*, "IP67^ sealed single-piece construction quick-change 3DOF leg pod with motors located proximally to minimize inertia." Ghost Robotics denies the remaining allegations in Paragraph 225.

226.    Ghost Robotics denies the allegations in Paragraph 226.

227.    Ghost Robotics denies the allegations in Paragraph 227.

228.    Ghost Robotics denies the allegations in Paragraph 228.

229.    Ghost Robotics denies the allegations in Paragraph 229.

230.    Ghost Robotics denies the allegations in Paragraph 230.

231.    Ghost Robotics denies the allegations in Paragraph 231.

232.    Ghost Robotics denies the allegations in Paragraph 232.

233.    Ghost Robotics denies the allegations in Paragraph 233.

234.    Ghost Robotics denies the allegations in Paragraph 234.

## **JURY DEMAND**

235.    Ghost Robotics demands a trial by jury on all issues so triable.

## PLAINTIFF'S PRAYER FOR RELIEF

Ghost Robotics denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief. Ghost Robotics has not directly or indirectly infringed the '648 patent, '791 patent, '869 patent, '588 patent, '842 patent, '855 patent, or '368 patent literally, willfully, or otherwise.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without conceding that any of the following must necessarily be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Ghost Robotics' rights to plead additional defenses as discovery warrants, Ghost Robotics states the following affirmative defenses with knowledge as to its own actions and on information and belief with respect to the actions of others.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '648 patent.

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '791 patent.

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '869 patent.

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '588 patent.

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '842 patent.

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '855 patent.

Ghost Robotics does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid claim of the '368 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Asserted claims of the '648 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Asserted claims of the '791 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Asserted claims of the '869 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Asserted claims of the '588 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Asserted claims of the '842 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Asserted claims of the '855 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Asserted claims of the '368 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any injury is not immediate or irreparable, and there is an adequate remedy at law if any remedy is required.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel and/or Statute of Limitations)

The remedies requested by Plaintiff for alleged infringement of the Asserted Patents are barred by estoppel, including but not limited to prosecution history estoppel and/or 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Give Notice)

Plaintiff's claims for relief and alleged damages for alleged infringement of the Asserted Patents are limited by 35 U.S.C. § 287 to the extent that Plaintiff has failed to give notice of the Asserted Patents before the filing of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Not an Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney's fees against Ghost Robotics pursuant to 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Ghost Robotics has not willfully or deliberately infringed any claim of the asserted patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Remedy Against the United States)

Plaintiff's claims for relief and alleged damages for alleged infringement of the Asserted Patents are limited by 28 U.S.C. § 1498 to the extent one or more of the inventions described in and covered by one or more of the Asserted Patents is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same.

30368568v.1

## NINTH AFFIRMATIVE DEFENSE
### (Government Rights)

Plaintiff's claims for relief and alleged damages for alleged infringement of the '648 patent, the '588 patent, and/or the '791 patent are limited by rights the United States has under the Bayh-Dole Act, 35 U.S.C. §§ 200-212, march-in rights, and/or any other government rights.

## RESERVATION OF ADDITIONAL DEFENSES

Ghost Robotics reserves the right to assert additional affirmative defenses under Federal Rule of Civil Procedure 8(c) or the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## I.   GHOST ROBOTICS' PRAYER FOR RELIEF

WHEREFORE, Ghost Robotics respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a.  A declaration that Ghost Robotics does not infringe, and has not infringed directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '648, '791, '869, '588, '842, '855, and '368 patents;

   b.  A declaration that the asserted claims of the '648, '791, '869, '588, '842, '855, and '368 patents are invalid under one or more sections of 35 U.S.C. § 1 *et seq.*;

   c.  A dismissal of all of Plaintiff's claims in their entirety with prejudice;

d.  A declaration that Plaintiff takes nothing by way of its Complaint;

e.  An Order declaring this to be an exceptional case pursuant to

35 U.S.C. § 285;

f.  An award to Ghost Robotics of its costs and attorneys' fees

incurred in this action; and

g.  An Order awarding such additional relief as the Court may deem

appropriate and just under the circumstances.

## II.  GHOST ROBOTICS' DEMAND FOR JURY TRIAL

Ghost Robotics hereby demands a trial by jury on all issues so triable.

March 3, 2023                                  Respectfully submitted,

                                               /s/ Daryll Hawthorne-Bernardo
                                               Christian J. Singewald (Bar. No. 3542)
                                               Daryll Hawthorne-Bernardo (Bar No. 6520)
                                               White and Williams LLP
                                               Phone: (302) 654-0424
                                               600 N. King Street, Suite 800
                                               Wilmington, DE 19801-3722
                                               singewaldc@whiteandwilliams.com
                                               hawthorned@whiteandwilliams.com

OF COUNSEL:                                    *Attorneys for Defendant*
                                               *Ghost Robotics Corporation*

Frank A. DeCosta, III (admitted *pro hac vice*)
Elizabeth A. Niemeyer (admitted *pro hac vice*)
Kelly Horn (admitted *pro hac vice*)
Mingji Jin (admitted *pro hac vice*)
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Tel: (202) 408-4012

30368568v.1

frank.decosta@finnegan.com
elizabeth.niemeyer@finnegan.com
kelly.horn@finnegan.com
mingji.jin@finnegan.com

30368568v.1