IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON DYNAMICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1483 (MN) |
| | ) | |
| GHOST ROBOTICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED PROTECTIVE ORDER

WHEREAS, Plaintiff Boston Dynamics, Inc. ("Boston Dynamics") and Defendant Ghost

Robotics Corporation ("Ghost Robotics"), hereafter referred to as "the Parties," believe that certain

information that is or will be encompassed by discovery demands by the Parties involves the

production or disclosure of trade secrets, confidential business information, or other proprietary

information; WHEREAS, the Parties seek a protective order limiting disclosure thereof in

accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in

        part, any document, information, or material that constitutes or includes, in whole or in

        part, confidential or proprietary information or trade secrets of the Party or a Third Party

        to whom the Party reasonably believes it owes an obligation of confidentiality with respect

        to such document, information, or material ("Protected Material"). To the extent feasible,

        Protected Material shall be designated by the Party producing it by affixing a legend or

        stamp on such document, information, or material as follows: "CONFIDENTIAL" (or

        other class of DESIGNATED MATERIAL as described *infra*). The word

        "CONFIDENTIAL" (or other class of DESIGNATED MATERIAL) shall be placed

clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced before issuance of this Order, with the designation "Confidential," "Confidential - Outside Attorneys' Eyes Only," "Highly Confidential – Attorneys' Eyes Only" or similar shall receive the same treatment as if designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (*see* paragraph 2), "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED INFORMATION" (*see* paragraph 17), "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SENSITIVE TECHNICAL INFORMATION" (*see* paragraph 17), or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents,

---

[1]   The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED INFORMATION," "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SENSITIVE TECHNICAL INFORMATION," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," both individually and collectively.

electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) motions and court filings and exhibits to motions and court filings; (d) documents exchanged among the parties, but not filed with court, such as written discovery requests and responses and expert reports; (e) affidavits; and (f) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered the same class of DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon. In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such

disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the producing Party whose Protected Material has been disclosed and shall cooperate in good faith to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

5.    Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6.    Protected Material designated "CONFIDENTIAL" may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as otherwise set forth herein:

(a)    outside counsel of record in this Action for the Parties and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(b)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with (i) the consultant or expert's full name, city and state of his or her primary residence, (ii) the expert or consultant's current resume; (iii) an identification of the expert or consultant's current employer(s), (iv) an identification of each person or entity from whom the expert or consultant has received compensation or funding for work in his or her area of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (v) an identification (by name and number of the case, filing data, and location of the court) of any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, at least ten (10) business days before access to the Protected Material is to be given to that consultant or expert.

---

[2]  For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's clerical support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

Within ten (10) business days of receipt of such disclosure, the producing party may object to and notify the receiving Party in writing that it objects to disclosure of its Protected Material to that consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection within five (5) business days of the notice. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) business days of providing the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for such a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)     independent litigation support services, including persons working for or as court reporters, stenographers, videographers, translators, graphics or design services, or jury or trial consulting services (including mock jurors) who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f)     the Court and its personnel;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h)     any other person with the prior written consent of the producing Party.

7.      A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contain confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.      To the extent a producing Party has a good faith basis to conclude that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE." For the avoidance of doubt, "source code" includes (i) human-readable programming language text that defines or describes the software, firmware, hardware, and circuits (e.g., Verilog and VHDL files) and (ii) files defining the physical arrangements of circuits such as circuit schematics, layouts, placement and routing information, netlists, and layers (e.g., Graphic Database System (GDS), GDSII stream format, Design Exchange Format (DEF), Library Exchange Format (LEF), and LiveData files). Source Code Material further includes the text of any comments associated with any of the foregoing, any files containing any of the foregoing, and all directory and folder structures in which such files are maintained.

9.      For Protected Material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which may be used

interchangeably), access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a) and 6(d)-6(h).

(a)     Further, up to three (3) in-house or designated outside counsel identified below may receive and review financial information, licenses, and settlement agreements designated "CONFIDENTIAL – ATTORNEYS EYES ONLY":

       i.     For Boston Dynamics, Inc.:

           1.     James Boumil

           2.     Jason Fiorillo

           3.     []

       ii.     For Ghost Robotics Corporation:

           1.     Frank A. Bruno, White and Williams, LLP

           2.     []

           3.     []

To be clear, these identified individuals would not have access to technical Protected Materials designated "CONFIDENTIAL – ATTORNEYS EYES ONLY."  To the extent a party has not identified (3) in-house or designated outside counsel above, a party may designate such in-house or designated outside counsel at a later time.

10.     For Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," the following additional restrictions apply:

(a)     Access to Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be limited to individuals listed in paragraphs 6(a) and 6(d)–(h), provided that such access under paragraph 6(d) is limited to up to six (6) outside consultants or experts (i.e., not existing

employees or affiliates of a Party or an affiliate of a Party) per side who are retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(d) above[3] and specifically identified and designated as someone who may access Source Code Material, and under under 6(e) is limited to Court reporters and/or videographers recording testimony or other proceedings in this action who shall not retain or be given copies of any portions of the Source Code Material. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(b)     A receiving Party may include excerpts of Source Code Material in a pleading, motion, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the receiving Party includes the minimum excerpt absolutely necessary and the documents containing Source Code Material are appropriately marked under the Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code Material are quoted in a document, either (1) the entire document will be stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or (2) those pages containing quoted Source Code Material will be separately stamped and treated as

---

[3]   For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to paragraph 6(d).

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE";

(c)     Source Code Material that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the producing Party:

     i.    Except as otherwise provided herein, or otherwise agreed by the Parties, Source Code Material may be made available for inspection at (1) an office of the producing Party or the producing Party's outside counsel of record, at the choice of the producing Party, or (2) another mutually agreed upon location.

     ii.    All Source Code Material shall be made available by the producing Party to the receiving Party's outside counsel, consultants, and/or experts authorized to access the Source Code Materials in a secure room(s) on at least two secured computers, each having: at least a seventeen inch monitor; a keyboard; and a mouse; and without Internet or any other network access to other computers and on which all access ports (including, without limitation, USB, SDCard, or other storage or device ports) have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code Material outside or away from the stand-alone computer(s) on which the Source Code Material is provided for inspection (the "Source Code Computer" in the "Source Code Review Room");

iii.   Except as otherwise provided herein, or otherwise agreed by the Parties, prior to the first inspection of any requested Source Code Material, the receiving Party shall provide ten (10) business days' written notice of the first day on which it wishes to inspect the Source Code Material. The receiving Party shall provide three (3) business days' written notice prior to the first day of any additional inspection. All persons viewing Source Code Material on behalf of the receiving Party shall sign, on each day they view Source Code Material, a log that will include the names of persons who enter the Source Code Review Room to view the Source Code Material and when they enter and depart. The receiving Party shall be entitled to a copy of the log upon three (3) days' advance notice to the producing Party;

iv.   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be Monday through Friday, excluding holidays, 9:00 a.m. through 5:00 p.m. local time. Upon reasonable notice from the receiving party, the producing Party may make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. Inspections and access to the Source Code Computer shall be permitted up until the last expert report is served or filed as required by the Docket Control Order, the Patent Rules, or other court order, unless receiving Party can demonstrate good cause;

v.   The producing Party shall provision the Source Code Computer(s) with search and review tools as reasonably requested and provided by the

receiving Party. The requested tools will be limited to tools for searching and reviewing and not include functionality for compiling and running any source code. Examples of search and review tools that qualify as reasonably requested should they be provided by the receiving Party include the following or their substantial equivalents: Notepad++, dtsearch, PowerGrep, Cygwin (search and review packages only), Beyond Compare, ExamDiffPro, Understand, Slick Edit, Eclipse, and UltraEdit. The requesting Party shall have the burden to move the Court and show that a search and review tool requested by the receiving Party is a reasonably requested search and review tool appropriate for the type of Source Code Material. The receiving Party shall provide the license for the review tools, and either (a) installation files for such licensed software tool(s), or (b) instructions to download or otherwise obtain such licensed software tool(s) pursuant to the receiving Party's license;

vi.   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s);

vii.  The producing Party will produce Source Code Material in native, computer searchable format, with the filenames and relative filepath structures as they exist in the ordinary course of business—to the extent practicable—intact, on the Source Code Computer(s) as described above. Minor changes to the

source code structure from the native development environment caused by the collection process shall not be deemed a departure from this provision;

viii.   Except as set forth herein, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically;

ix.   If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, or photocopies thereof, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s) and during the the proceeding(s), but they should be removed from the Court when counsel are not present; (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

x.   With the exception of excerpts as described in paragraph 10(b), a producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(a) above to another person authorized under paragraph 10(a) above, on paper via hand

carry, FedEx, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as otherwise provided herein. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth herein and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Material may be loaded onto a stand-alone computer;

xi.     During review of Source Code Material, the receiving Party (including its outside consultants and experts) shall be entitled to take notes relating to the Source Code Material but may not copy any lines of the Source Code Material into the notes. No electronic devices shall be permitted in the Source Code Review Room, including but not limited to laptops, floppy disks or drives, zip drives, cellular telephones, personal digital assistants, smart phones, cameras, voice recorders, Dictaphones, telephone jacks, USB memory sticks, any other camera-enabled devices, CDs, portable hard drives, or any devices that can access the Internet or any other network or external system. Nor shall any non-electronic devices capable of similar functionality be permitted in the Source Code Review Room. All persons entering the Source Code Review Room must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code Review Room;

xii.     The producing Party may monitor the activities of the receiving Party's representatives during any Source Code Material review, but only in a manner that does not risk exposing the receiving Party's work product. The producing Party shall not install any keystroke or other monitoring software on any Source Code Computer;

xiii.    The receiving Party shall be permitted to request printouts of Source Code Materials from the producing Party not to exceed 75 consecutive pages or an aggregate total of more than 950 pages. The receiving Party may request additional pages if necessary, approval of which shall not be unreasonably withheld. The receiving Party may make ten (10) photocopies the printouts received of of the Source Code Material, which shall be designated and clearly labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE." The receiving Party shall maintain a log identifying who has reviewed and retained all such photocopies. The producing Party shall install on the Source Code Computer(s) tools that enable the creation of PDF printouts, e.g., Adobe Acrobat DC. The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to facilitate the preparation of the receiving Party's

claims or defenses in this matter. Within three (3) business days of the receiving Party providing notice to the producing Party that PDF printouts have been prepared, the producing Party shall collect the PDF printouts and either (a) produce the printouts on paper bearing Bates numbers and the legend "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," or (b) inform the receiving Party whether it objects that the printed portions are excessive and/or not done for a permitted purpose. If the producing Party objects to the scope of the printed Source Code Material, the Parties shall meet and confer within two (2) business days following notification of an objection. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party must, within five (5) business days, seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and printed for a permitted purpose. The producing Party shall have the burden to move the Court and show that the printed portions are excessive and/or not done for a permitted purpose. The printed pages shall constitute part of the Source Code Material produced by the producing Party in this action;

xv.   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the receiving Party's outside counsel, consultants, and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The producing Party shall not be responsible for any items left in the Source

Code Review Room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect. Government issued photo identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or any Source Code Computer. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the producing Party, to any individual who fails to provide proper identification;

xvi.    Other than as provided above, the receiving Party will not copy, remove, or otherwise transfer any Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code Material onto any recordable media or recordable device. The receiving Party will not transmit any Source Code Material in any way from the producing Party's facilities or the offices of its outside counsel of record.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (*see* paragraph 2), "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE

MATERIAL, except those three (3) in-house counsel designated above in Paragraph 9(a) who may receive and review only financial information, licenses, and settlement agreements designated "CONFIDENTIAL – ATTORNEYS EYES ONLY," shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit; provided, however, that such Ethical Walls are necessary only between persons who share the same employer. Nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order from participating in any *inter partes* review, post-grant, or reexamination proceeding (US or overseas) of the asserted patents, so long as such persons do not share any HIGHLY SENSITIVE MATERIAL with any individual involved with amending any claims and do not directly or indirectly assist in drafting, amending, or proposing for substitution patent claims in any *inter partes* review, post-grant, or reexamination proceedings.

12.     Pursuant to Federal Rule of Evidence 502(b), the inadvertent production or disclosure of any privileged or work product protected information (including documents) in this action

shall not be deemed a waiver of any such privilege or protection.[4] Any party or non-party may request the return or destruction of such inadvertently produced information, which request shall identify the information and the basis for requesting its return. If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the producing Party. When a producing Party identifies such information as privileged or protected, a receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the producing Party's request: a) return the information and all copies thereof to the Producing Party; or b) destroy and confirm to the producing Party in writing that the information and all copies thereof have been destroyed. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a producing Party or receiving Party identifies the information, and not thereafter, the receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action, including that the production was not inadvertent. The producing Party and the receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be

---

[4]   This 502(b) provision shall not protect a party's or non-party's affirmative use of its own information against waiver.

required to return or destroy any information that may exist on any disaster recovery backup system.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment and role with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director, or employee of the producing Party, of a company affiliated with the producing Party, or of a third party who originally created or had access to the DESIGNATED MATERIAL; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 6, 9, and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and authorized to access the DESIGNATED MATERIALS; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any

other persons unless prior written authorization is obtained from counsel representing the producing Party or from the Court.

15.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL -ATTORNEY' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEY' EYES ONLY - SOURCE CODE" under this Protective Order.

16.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial filing filed with the Court, or an exhibit thereto, discloses or relies on Protected Material, such confidential portions shall be redacted to the extent necessary and the filing or exhibit filed publicly with the Court.

17.  Disclosure of DESIGNATED MATERIAL shall be subject to all applicable laws and regulations and any applicable National Security Agreements to which a Party is a signator with United States Government, including any agency, committee, or representative thereof, relating to the export and access of data contained in such Protected Material, including the release of such data to foreign persons or nationals in the United States or

elsewhere. The producing Party shall be responsible for identifying any such controlled data, and each receiving Party shall comply with all applicable export control statutes and regulations and any application National Security Agreement to which a Party is a signator with the United States Government, including any agency, committee, or representiative thereof. *See, e.g.,* 15 C.F.R. § 734.

    (i)    Protected Information designated as CONFIDENTIAL – ATTORNEYS EYES ONLY – RESTRICTED INFORMATION include the same restrictions as information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY per Paragraph 9 and subject to the further restrictions that it (i) may not leave the territorial boundaries of the United States of America and (ii) may not be made available to any individual who is not a U.S. citizen or an individual who, although not a U.S. citizen, has not owed permanent allegiance to the United States.

    (ii)    Protected Information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY - SENSITIVE TECHNICAL INFORMATION will include the same restrictions as information designated CONFIDENTIAL – ATTORNEYS EYES ONLY per Paragraph 9 and subject to the further restrictions that it (i) may not leave the territorial boundaries of the United States of America and (ii) may not be made available to any individual who is a citizen of China, Russia, or any country subject to a U.S. arms embargo under Section 126.1 of the International Traffic in Arms Regulations.

Without limitation, these prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic

means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

18.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion under Federal Rules of Civil Procedure 37. Pending the Court's determination of the motion, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) business days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.   Within sixty (60) calendar days after the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must either return to the producing Party all production materials designated by any other producing Party under this Order, or destroy such material, including all copies thereof, and provide to the producing Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, and other documents served by or on any party, trial, deposition, and hearing transcripts,

24

legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials with the exception of Source Code Material exhibits, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

24.   The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced

so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery, evidentiary, or trial privilege or objection.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.     Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own "DESIGNATED MATERIAL" for any purpose.

30.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of DESIGNATED MATERIAL received from a producing Party that Party must: (a) promptly notify in writing the producing Party (such notification shall include a copy of the subpoena or court order); (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification shall include a copy of this Stipulated Protective Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the producing Party whose protected material may be affected. If the producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's permission. The producing Party shall bear the burden and

expense of seeking protection in that court or tribunal of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court or tribunal.

31. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS EYES ONLY – RESTRICTED INFORMATION," "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SENSITIVE TECHNICAL INFORMATION," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | WHITE AND WILLIAMS LLP |
|---|---|
| /s/ Brian P. Egan | /s/ Daryll Hawthorne-Bernardo |
| Jack B. Blumenfeld (#1014) | Christian J. Singewald (#3542) |
| Brian P. Egan (#6227) | Daryll Hawthorne-Bernardo (#6520) |
| 1201 North Market Street | 600 North King Street, Suite 800 |
| P.O. Box 1347 | Wilmington, DE 19801-3722 |
| Wilmington, DE 19899 | (302) 654-0424 |
| (302) 658-9200 | singewaldc@whiteandwilliams.com |
| jblumenfeld@morrisnichols.com | hawthorned@whiteandwilliams.com |
| began@morrisnichols.com | |

*Attorneys for Plaintiff Boston Dynamics, Inc.*

*Attorneys for Defendant Ghost Robotics Corporation*

August 24, 2023

**SO ORDERED this 24th day of August 2023.**

*Maryellen Noreika*

**The Honorable Maryellen Noreika**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON DYNAMICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1483 (MN) |
| | ) | |
| GHOST ROBOTICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**APPENDIX A**
**UNDERTAKING REGARDING THE PROTECTIVE ORDER**

I,_____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      If I receive access to Protected Information designated "CONFIDENTIAL – OUTSIDE
        ATTORNEYS' EYES ONLY – SOURCE CODE," I agree not to perform hardware or
        software development work or product development work directly or indirectly intended
        for commercial purposes related to the particular information disclosed in the Source Code
        Material from the time of first receipt of such material through the date I cease to have
        access to any such material.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
        Protective Order in this action.


        I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____