IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON DYNAMICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 22-1483 (MN) |
| GHOST ROBOTICS CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S UNOPPOSED MOTION TO VACATE DEADLINE FOR FINAL INFRINGEMENT CONTENTIONS AND MOTION TO COMPEL PARTIES TO MEET AND CONFER ON AMENDED SCHEDULING ORDER**

The hearings that this Court conducted on January 2 and January 12 require the parties to revise the current case schedule, yet Defendant Ghost Robotics Corporation has been unwilling to engage in any meaningful discussion regarding the case schedule or to provide a date certain by which it will. As Plaintiff Boston Dynamics, Inc.'s deadline to serve Final Infringement Contentions is today under the operative Scheduling Order (D. I. 22), Plaintiff respectfully moves this Court to vacate the January 25, 2024 deadline for service of its Final Infringement Contentions pending entry of an amended scheduling order that accounts for the Court's directives set forth during the January 2 and January 12, 2024 hearings in this matter. As Ghost has not yet shown any willingness to engage with Plaintiff on an amended scheduling order, Plaintiff further moves the Court to compel Defendant Ghost Robotics Corporation to engage in a meet and confer with Plaintiff so that the parties may submit a proposed amended scheduling order on or before February 1, 2024. Good cause under Federal Rule of Civil Procedure 16 exists for Plaintiff's motion.

At the January 2 hearing, the Court compelled Defendant to supplement its deficient non-infringement contentions so that Plaintiff was on notice of Defendant's non-infringement positions sufficiently in advance of its final infringement contention deadline. Plaintiff's counsel expressed

its concern at the hearing that the final infringement contention deadline of January 25, 2024, may require extension so that Plaintiff could account for Defendant's supplemental non-infringement contentions. The Court acknowledged Plaintiff's concern and invited Plaintiff to request an extension if necessary. *See* 1/2/24 Tr. at 17:4-8 ("And Mr. Egan, if it turns out that you need an additional week, you can talk with the defendants. I'm sure they would be happy to give it to you. And if not, you can come back and submit a letter and ask us for that additional week."). That same day, Plaintiff sought a one-week extension on its final infringement contentions from Defendant. *See* Ex. A at 1/2/24 email. In exchange for agreeing to Plaintiff's request for an extension on its contentions, Defendant in turn sought a one-week extension on its final invalidity contentions. After several exchanges, Plaintiff proposed a schedule on January 9 that would extend all final contention deadlines and the deadline for fact discovery by one week. *Id.* at 1/4/24 and 1/9/24 emails. On January 15, 2024, Defendant accepted this proposal.[1] *See* Ex. A.

In the interim, the Court held a hearing on January 12. There, the Court addressed the parties' Joint Claim Construction Chart (D.I. 88) and noted that the parties and their experts need to account for each side's proposed constructions in their contentions and expert reports, that for "plain and ordinary" constructions, a party needs to propose what that plain and ordinary meaning should be, and that for "indefinite" constructions, defendant needs to propose any alternative constructions for those terms now or it will be foreclosed from doing so later in the case. *See, e.g.*, 1/12/24 Tr. at 10:14-21 ("So I want to know what the ordinary meaning or what you say the meaning is. If they want to come up with a proposal for an alternative meaning, they can do so.

---

[1]   On January 16, 2024, Defendant served supplemental interrogatory responses addressing its deficient non-infringement contentions. Those contentions remain deficient for the same reasons this Court previously found those contentions deficient. Plaintiff has since corresponded with Defendant regarding those deficiencies. Yet, Defendant has not responded. *See* Ex. C.

But if they don't do so in connection with the claim construction proceedings, then it seems to me that they can't later do so and either the claims will be indefinite or they won't be and your construction to the extent that I agree with it will apply."). Exchanging these amended claim constructions are a prerequisite to Plaintiff serving its Final Infringement Contentions, as it needs to take into account these amended constructions in its contentions. Therefore, the parties original agreement to extend final contentions and fact discovery by a week would not address the concerns raised by the Court at the January 12 hearing.

On January 18, after receiving and reviewing the transcript for the January 12 hearing, Plaintiff's counsel contacted Defendant's counsel and noted that in view of the January 12 hearing, the proposed amended schedule required further revision. In that correspondence, Plaintiff provided Defendant with a case schedule that fully accounted for the Court's directives at the January 12 hearing (including adjustments in the *Markman* briefing schedule to occur after expert discovery). *See* Ex. A at 1/18/24 email. On January 19, Defendant's counsel provided approval to file a stipulation that only accounted for the final contention deadlines and close of fact discovery. *See* Ex. B at 1/19/24 email. Plaintiff's counsel promptly responded and confirmed that the prior stipulation was moot in view of the comprehensive schedule proposed on January 18, and asked Defendant to confirm whether it agreed to the revised schedule proposed by Plaintiff. *Id.* A week has since passed, and Defendant has declined to engage in any meaningful discussion on the overall case schedule despite Plaintiff following up with Defendant on multiple occasions; in fact, Defendants have been radio silent on the schedule. *See* Ex. A at 1/22/24 and 1/24/24 emails; Ex. B at 1/24/24 emails.

In correspondence between the parties regarding this Motion, Defendant still only agreed to move the final contentions deadline and fact discovery by a week. But as noted above, that

3

extension does not address this Court's directive regarding the Scheduling Order and it does not address the fact that without exchanging amended claim constructions, Plaintiff cannot serve Final Infringement Contentions.  Given that the operative Schedule Order still sets today as the deadline for Plaintiff's final infringement contentions, Plaintiff requests that today's deadline for final infringement contentions be vacated.  And since Defendant has been unwilling to engage with Plaintiff on discussions regarding the case schedule, Plaintiff requests that the parties be compelled to conduct a meet and confer so that they may submit a proposed amended schedule to the Court on or before February 1, 2024, which will include a new deadline for Plaintiff's final infringement contentions.  This will allow the parties to address the Court's directives set forth at the January 2 and 12 hearings, including, for example, providing a deadline to exchange any supplemental claim construction positions in advance of the final contention deadlines so that the parties' respective constructions can be addressed in the final contentions.

       A proposed order is attached for the Court's consideration.[2]

---

[2]     Pursuant to D. Del. LR 7.1.1, Plaintiff attempted to provide this proposal by way of a stipulation, but Defendant did not agree, asking instead that Plaintiff submit the earlier stipulation that was mooted by Plaintiff's January 18 proposed schedule. Rather than submit a stipulation that fails to fully account for the Court's directives set forth at the January 2 and 12 hearings, Plaintiff instead confirmed that it would move the Court to vacate today's deadline.  In response, Defendant's counsel confirmed that it takes no position on Plaintiff's Motion, and asked that Plaintiff include the following statement from Defendant: "Ghost Robotics takes no position but notes the parties had agreed to an extension after the hearing and the parties were subsequently considering further modifications to the schedule, but have not yet reached agreement, in view of the Court's comments at the January 12, 2024, hearing." *See* Ex. B at 1/25/24 email.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Steven C. Cherny<br>QUINN EMANUEL URQUHART<br>  &amp; SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>(212) 849-7000<br><br>Deepa Acharya<br>QUINN EMANUEL URQUHART<br>  &amp; SULLIVAN, LLP<br>1300 I Street, NW, Suite 900<br>Washington, DC  20005<br>(202) 538-8000<br><br>January 25, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br><br>_____<br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorneys for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON DYNAMICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1483 (MN) |
| | ) |
| GHOST ROBOTICS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] ORDER VACATING FINAL INFRINGEMENT CONTENTION
DEADLINE AND COMPELLING PARTIES TO MEET AND CONFER**

IT IS HEREBY ORDERED that the January 25, 2024 deadline for Plaintiff to provide final infringement contentions and identification of accused products is vacated.

IT IS FURTHER ORDERED that the parties shall meet and confer on or before January 30, 2024, on the remaining case schedule. On or before February 1, 2024, the parties shall submit a proposed schedule for extending certain case deadlines, including a new deadline for Plaintiff to provide final infringement contentions and identification of accused products, pursuant to the Court's directives provided during the January 2 and January 12, 2024 hearings.

SO ORDERED this _____ day of January 2024.

_____
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2024 which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 25, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Frank A. DeCosta, III, Esquire<br>Elizabeth A. Niemeyer, Esquire<br>Kelly S. Horn, Esquire<br>Mingji Jin, Esquire<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC  20001-4413<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)