# EXHIBIT A

# Chard, Beth Ann

| | |
|---|---|
| **From:** | Deepa Acharya <deepaacharya@quinnemanuel.com> |
| **Sent:** | Wednesday, January 24, 2024 9:45 AM |
| **To:** | Horn, Kelly; Niki Edmonds; GhostRobotics_DDE; SKGhostRobotics |
| **Cc:** | qe-bostondyn-v-ghostrobot; Egan, Brian P.; Blumenfeld, Jack |
| **Subject:** | [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions |

Counsel,

We would appreciate a response to the below. While the parties will meet and confer on Friday on other issues, we need to start negotiating these dates now. The parties cannot exchange final contentions until the parties exchange updated claim constructions per the Court's directive on 1/12.

When will you be providing your position on the proposed schedule?

Best,
Deepa

---

**Deepa Acharya**
**Quinn Emanuel Urquhart & Sullivan, LLP**
T: +1 (202) 538-8107

---

**From:** Deepa Acharya <deepaacharya@quinnemanuel.com>
**Sent:** Monday, January 22, 2024 12:03 PM
**To:** Horn, Kelly <Kelly.Horn@finnegan.com>; Niki Edmonds <nikiedmonds@quinnemanuel.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Counsel,

With upcoming deadlines, please provide us your thoughts on the revised schedule below.

Best,
Deepa

---

**Deepa Acharya**
**Quinn Emanuel Urquhart & Sullivan, LLP**
T: +1 (202) 538-8107

---

**From:** Deepa Acharya <deepaacharya@quinnemanuel.com>
**Sent:** Thursday, January 18, 2024 9:51 AM
**To:** Horn, Kelly <Kelly.Horn@finnegan.com>; Niki Edmonds <nikiedmonds@quinnemanuel.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P.

1

<began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Counsel,

In light of the court's directive on last week's hearing, we need to work out some revisions to the schedule.  Below is our proposal for the schedule revisions that the Court asked for.  Let us know if you agree or if you have any proposed revisions.

| Original Date | New Date | Event |
|---|---|---|
| 1/19/2024 | | Parties to supplement identification of all accused product and of all invalidity references |
| | 1/25/2024 | Parties exchanged updated claim constructions per the Court's directive at the 1/12/2024 Hear... |
| 1/25/2024 | 2/8/2024 | Plaintiff to provide final infringement contentions and identification of accused products |
| 2/15/2024 | 2/29/2024 | Defendants to provide final invalidity contentions and identification of invalidity references |
| 2/29/2024 | 3/14/2024 | Plaintiff to provide final validity contentions and Defendant to provide final non-infringement c... |
| 3/13/2024 | 4/2/2024 | Fact discovery cutoff |
| 7/9/2024 | 4/23/2024 | Opening expert reports due |
| 8/6/2024 | 5/28/2024 | Rebuttal expert reports due |
| 8/27/2024 | 6/18/2024 | Reply expert reports due |
| 9/13/2024 | 7/2/2024 | Expert discovery due |
| | 7/9/2024 | Submit Revised Joint Claim Construction Chart |
| 3/28/2024 | 7/16/2024 | Plaintiff's claim construction opening brief due (20 pages) |
| 4/25/2024 | 7/30/2024 | Defendant's claim construction answering brief due (30 pages) |
| 5/9/2024 | 8/13/2024 | Plaintiff's claim construction reply brief due on indefiniteness issues only (20 pages) |
| 5/23/2024 | 8/20/2024 | Defendant's claim construction surreply brief due on indefiniteness issues only (10 pages) |
| 5/30/2024 | 8/22/2024 | Joint claim construction brief due; joint letter re: live testimony and amount of time for the cla... technology tutorial due |
| 6/28/2024 | 9/5/2024 | Markman hearing, 2:00 pm |
| 9/26/2024 | | Dispositive motions due and opening brief therefore; Daubert motions due and opening briefs... |
| 12/7/2024 | | Joint statement on mediation due |
| 2/6/2025 | | Jury instructions, voir dire, and special verdict forms due |
| 2/6/2025 | | Joint proposed pretrial order due |
| 2/13/2025 | | Pretrial conference, 4:30 pm, courtroom 4A |
| 2/24/2025 | | 5-day jury trial, 9:30 am, courtroom 4A |

Best,
Deepa

---

**Deepa Acharya**
**Quinn Emanuel Urquhart & Sullivan, LLP**
T: +1 (202) 538-8107

---

**From:** Horn, Kelly <Kelly.Horn@finnegan.com>
**Sent:** Monday, January 15, 2024 4:07 PM
**To:** Deepa Acharya <deepaacharya@quinnemanuel.com>; Niki Edmonds <nikiedmonds@quinnemanuel.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

**[EXTERNAL EMAIL from kelly.horn@finnegan.com]**

Deepa,

This is fine.

Best,
Kelly

**Kelly S. Horn** | Bio
**Attorney-at-Law**
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
+1 202 408 4313 | fax +1 202 408 4400 | kelly.horn@finnegan.com
www.finnegan.com | LinkedIn Profile | Finnegan AIA Blog

**FINNEGAN**

**From:** Deepa Acharya <deepaacharya@quinnemanuel.com>
**Sent:** Sunday, January 14, 2024 11:05 AM
**To:** Niki Edmonds <nikiedmonds@quinnemanuel.com>; Horn, Kelly <Kelly.Horn@finnegan.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** Re: Boston Dynamics v. Ghost Robotics | final infringement contentions

Counsel,

Please get back to us on the below.

Best,
Deepa

**From:** Niki Edmonds <nikiedmonds@quinnemanuel.com>
**Date:** Tuesday, January 9, 2024 at 9:20 AM
**To:** Horn, Kelly <Kelly.Horn@finnegan.com>, GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>, SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>, Egan, Brian P. <began@morrisnichols.com>, Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Kelly,

Boston Dynamics can agree to a one week extension for Ghost Robotics' final invalidity contentions if Ghost can agree to a one week extension of final validity and non-infringement contentions and the closing of fact discovery.

The revised schedule would be as follows:

| Revised Date | Current Date | Event |
|---|---|---|
| 2/1/2024 | 1/25/2024 | Plaintiff to provide final infringement contentions and identification of accused products |
| 2/22/2024 | 2/15/2024 | Defendants to provide final invalidity contentions and identification of invalidity references |
| 3/7/2024 | 2/29/2024 | Plaintiff to provide final validity contentions and Defendant to provide final non-infringement c |
| 3/20/2024 | 3/13/2024 | Fact discovery cutoff |

Best,
Niki

---

**From:** Horn, Kelly <Kelly.Horn@finnegan.com>
**Sent:** Thursday, January 4, 2024 3:51 PM
**To:** Niki Edmonds <nikiedmonds@quinnemanuel.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

**[EXTERNAL EMAIL from kelly.horn@finnegan.com]**

---

Niki,

Ghost Robotics agrees to a one week extension for its final infringement contentions if Boston Dynamics similarly agrees to a one week extension of time for Ghost Robotics's final invalidity contentions to preserve the period of time in the Scheduling Order between the parties' contentions.  Please let us know if Boston Dynamics agrees.

Best regards,
Kelly

**Kelly S. Horn** | Bio
Attorney-at-Law
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
+1 202 408 4313 | fax +1 202 408 4400 | kelly.horn@finnegan.com
www.finnegan.com | LinkedIn Profile | Finnegan AIA Blog

FINNEGAN

**From:** Niki Edmonds <nikiedmonds@quinnemanuel.com>
**Sent:** Thursday, January 4, 2024 2:51 PM
**To:** GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Kelly,

Please confirm today that Ghost agrees to a one-week extension on Boston Dynamics' final infringement contentions, as the Court also indicated it would grant such a request if opposed.

Best,
Niki

---

**From:** Niki Edmonds <nikiedmonds@quinnemanuel.com>
**Sent:** Tuesday, January 2, 2024 1:00 PM
**To:** GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** Boston Dynamics v. Ghost Robotics | final infringement contentions

Kelly,

In light of today's hearing, does Ghost agree to a one-week extension on Boston Dynamics' final infringement contentions (to February 1, 2024)?

Best,
Niki

**Niki Edmonds**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520
Boston, MA 02199
617.712.7136 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
nikiedmonds@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# EXHIBIT B

**Chard, Beth Ann**
___

| | |
|---|---|
| **From:** | Egan, Brian P. |
| **Sent:** | Thursday, January 25, 2024 1:47 PM |
| **To:** | Andrew Russell |
| **Cc:** | Karen Keller; GhostRobotics_DDE; SKGhostRobotics |
| **Subject:** | RE: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions |

Thanks, Andrew.  We will include Defendant's language below.  As we made clear, in light of the Court's directives, it does not make sense to agree to a schedule that only addresses final contentions where, for example, final claim construction positions need to be exchanged/confirmed in advance of those deadlines so that they can be accounted for in the final contentions.
    Regards,
    Brian

___

**From:** Andrew Russell <arussell@shawkeller.com>
**Sent:** Thursday, January 25, 2024 10:51 AM
**To:** Egan, Brian P. <began@morrisnichols.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Subject:** Re: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Brian,

Please include the following in the motion:

> Ghost Robotics takes no position but notes the parties had agreed to an extension after the hearing and the parties were subsequently considering further modifications to the schedule, but have not yet reached agreement, in view of the Court's comments at the January 12, 2024, hearing.

I still think it makes more sense to file the parties' agreed-upon stipulation, which plaintiff proposed on 1/16, after the Court's order on 1/12, rather than burdening the Court with a motion.

Andrew E. Russell
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704

Visit ipde.com for updates about IP litigation and the District of Delaware.

___

**From:** Egan, Brian P. <began@morrisnichols.com>
**Date:** Wednesday, January 24, 2024 at 8:50 PM
**To:** Andrew Russell <arussell@shawkeller.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** RE: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Andrew-

We intend to move to vacate tomorrow's final infringement contention deadline.  If Ghost opposes, please let me know your availability to meet and confer.  Thanks.
   -Brian

---

**From:** Andrew Russell <arussell@shawkeller.com>
**Sent:** Wednesday, January 24, 2024 7:04 PM
**To:** Egan, Brian P. <began@morrisnichols.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** Fwd: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Brian,

The previously-agreed stip addresses the problem you mentioned in your original e-mail below (tomorrow's deadline).  We'll have to get back to you about your question on a date certain to amend the schedule.

Andrew Russell
Shaw Keller LLP
I.M. Pei Building
1105 N. Market St.
Wilmington, DE 19803
302-298-0704

---

**From:** Egan, Brian P. <began@morrisnichols.com>
**Sent:** Wednesday, January 24, 2024 5:06 PM
**To:** Andrew Russell <arussell@shawkeller.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** RE: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Andrew-
The problem is that these deadlines do not account for the other events that need to be performed, including the exchange of updated claim construction positions.  The parties need to incorporate those updated claim construction positions into the final contentions.  Ghost has had our proposed dates on a broader schedule since last week and we've received no response.  Is Ghost unwilling to agree to a date certain by which the parties will propose to the Court a schedule that addresses all of the issues discussed at the January 12 hearing?
   -Brian

---

**From:** Andrew Russell <arussell@shawkeller.com>
**Sent:** Wednesday, January 24, 2024 4:51 PM
**To:** Egan, Brian P. <began@morrisnichols.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** Re: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Hi Brian,

We think it would make the most sense to just file the attached stip that the parties had already discussed and agreed to, and then continue working on submitting a revised schedule as well.

Andrew E. Russell
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor

Wilmington, DE 19801
(302) 298-0704

Visit ipde.com for updates about IP litigation and the District of Delaware.

---

**From:** Egan, Brian P. <began@morrisnichols.com>
**Date:** Wednesday, January 24, 2024 at 4:33 PM
**To:** Andrew Russell <arussell@shawkeller.com>
**Cc:** Karen Keller <kkeller@shawkeller.com>
**Subject:** RE: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Andrew-
While we await Ghost's position on the overall case schedule in view of the Court's directives at the January 12 hearing, we would like to get the current deadline for final contentions off tomorrow's calendar.  Could you let me know if the attached works on your end?  Thanks.
  -Brian

---

**From:** Andrew Russell <arussell@shawkeller.com>
**Sent:** Friday, January 19, 2024 10:01 AM
**To:** Egan, Brian P. <began@morrisnichols.com>
**Subject:** Re: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Brian,

Sure – let me check with co-counsel.

Andrew E. Russell
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704

Visit ipde.com for updates about IP litigation and the District of Delaware.

---

**From:** Egan, Brian P. <began@morrisnichols.com>
**Date:** Friday, January 19, 2024 at 9:58 AM
**To:** Andrew Russell <arussell@shawkeller.com>
**Subject:** Fwd: [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Andrew-
I believe the draft stip previously circulated was trumped by the below proposal for
 Deepa yesterday. Could you let me know if the below dates work and we can build them into a single stip?


Begin forwarded message:

> **From:** Deepa Acharya <deepaacharya@quinnemanuel.com>
> **Date:** January 18, 2024 at 9:50:55 AM EST
> **To:** "Horn, Kelly" <Kelly.Horn@finnegan.com>, Niki Edmonds <nikiedmonds@quinnemanuel.com>, GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>, SKGhostRobotics

3

<SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>, "Egan, Brian P." <began@morrisnichols.com>, "Blumenfeld, Jack" <JBlumenfeld@morrisnichols.com>
**Subject:** [EXT] RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Counsel,

In light of the court's directive on last week's hearing, we need to work out some revisions to the schedule.  Below is our proposal for the schedule revisions that the Court asked for.  Let us know if you agree or if you have any proposed revisions.

| Original Date | New Date | Event |
|---|---|---|
| 1/19/2024 |  | Parties to supplement identification of all accused product and of all invalidity referen[ces] |
|  | 1/25/2024 | Parties exchanged updated claim constructions per the Court's directive at the 1/12/20[24] |
| 1/25/2024 | 2/8/2024 | Plaintiff to provide final infringement contentions and identification of accused produc[ts] |
| 2/15/2024 | 2/29/2024 | Defendants to provide final invalidity contentions and identification of invalidity refere[nces] |
| 2/29/2024 | 3/14/2024 | Plaintiff to provide final validity contentions and Defendant to provide final non-infring[ement] |
| 3/13/2024 | 4/2/2024 | Fact discovery cutoff |
| 7/9/2024 | 4/23/2024 | Opening expert reports due |
| 8/6/2024 | 5/28/2024 | Rebuttal expert reports due |
| 8/27/2024 | 6/18/2024 | Reply expert reports due |
| 9/13/2024 | 7/2/2024 | Expert discovery due |
|  | 7/9/2024 | Submit Revised Joint Claim Construction Chart |
| 3/28/2024 | 7/16/2024 | Plaintiff's claim construction opening brief due (20 pages) |
| 4/25/2024 | 7/30/2024 | Defendant's claim construction answering brief due (30 pages) |
| 5/9/2024 | 8/13/2024 | Plaintiff's claim construction reply brief due on indefiniteness issues only (20 pages) |
| 5/23/2024 | 8/20/2024 | Defendant's claim construction surreply brief due on indefiniteness issues only (10 pag[es] |
| 5/30/2024 | 8/22/2024 | Joint claim construction brief due; joint letter re: live testimony  and amount of time fo[r] technology tutorial due |
| 6/28/2024 | 9/5/2024 | Markman hearing, 2:00 pm |
| 9/26/2024 |  | Dispositive motions due and opening brief therefore; Daubert motions due and openin[g] |
| 12/7/2024 |  | Joint statement on mediation due |
| 2/6/2025 |  | Jury instructions, voir dire, and special verdict forms due |
| 2/6/2025 |  | Joint proposed pretrial order due |
| 2/13/2025 |  | Pretrial conference, 4:30 pm, courtroom 4A |
| 2/24/2025 |  | 5-day jury trial, 9:30 am, courtroom 4A |

Best,
Deepa

**Deepa Acharya**
**Quinn Emanuel Urquhart & Sullivan, LLP**
T: +1 (202) 538-8107

**From:** Horn, Kelly <Kelly.Horn@finnegan.com>
**Sent:** Monday, January 15, 2024 4:07 PM
**To:** Deepa Acharya <deepaacharya@quinnemanuel.com>; Niki Edmonds <nikiedmonds@quinnemanuel.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>;

SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

**[EXTERNAL EMAIL from kelly.horn@finnegan.com]**

Deepa,

This is fine.

Best,
Kelly

**Kelly S. Horn** | Bio
Attorney-at-Law
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
+1 202 408 4313 | fax +1 202 408 4400 | kelly.horn@finnegan.com
www.finnegan.com | LinkedIn Profile | Finnegan AIA Blog

FINNEGAN

**From:** Deepa Acharya <deepaacharya@quinnemanuel.com>
**Sent:** Sunday, January 14, 2024 11:05 AM
**To:** Niki Edmonds <nikiedmonds@quinnemanuel.com>; Horn, Kelly <Kelly.Horn@finnegan.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** Re: Boston Dynamics v. Ghost Robotics | final infringement contentions

Counsel,

Please get back to us on the below.

Best,
Deepa

**From:** Niki Edmonds <nikiedmonds@quinnemanuel.com>
**Date:** Tuesday, January 9, 2024 at 9:20 AM
**To:** Horn, Kelly <Kelly.Horn@finnegan.com>, GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>, SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>, Egan, Brian P. <began@morrisnichols.com>, Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Kelly,

5

Boston Dynamics can agree to a one week extension for Ghost Robotics' final invalidity contentions if Ghost can agree to a one week extension of final validity and non-infringement contentions and the closing of fact discovery.

The revised schedule would be as follows:

| Revised Date | Current Date | Event |
|---|---|---|
| 2/1/2024 | 1/25/2024 | Plaintiff to provide final infringement contentions and identification of accused produc... |
| 2/22/2024 | 2/15/2024 | Defendants to provide final invalidity contentions and identification of invalidity refere... |
| 3/7/2024 | 2/29/2024 | Plaintiff to provide final validity contentions and Defendant to provide final non-infring... |
| 3/20/2024 | 3/13/2024 | Fact discovery cutoff |

Best,
Niki

**From:** Horn, Kelly <Kelly.Horn@finnegan.com>
**Sent:** Thursday, January 4, 2024 3:51 PM
**To:** Niki Edmonds <nikiedmonds@quinnemanuel.com>; GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

**[EXTERNAL EMAIL from kelly.horn@finnegan.com]**

Niki,

Ghost Robotics agrees to a one week extension for its final infringement contentions if Boston Dynamics similarly agrees to a one week extension of time for Ghost Robotics's final invalidity contentions to preserve the period of time in the Scheduling Order between the parties' contentions. Please let us know if Boston Dynamics agrees.

Best regards,
Kelly

**Kelly S. Horn** | Bio
Attorney-at-Law
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
+1 202 408 4313 | fax +1 202 408 4400 | kelly.horn@finnegan.com
www.finnegan.com | LinkedIn Profile | Finnegan AIA Blog

<image001.png>

**From:** Niki Edmonds <nikiedmonds@quinnemanuel.com>
**Sent:** Thursday, January 4, 2024 2:51 PM
**To:** GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>

6

**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Boston Dynamics v. Ghost Robotics | final infringement contentions

Kelly,

Please confirm today that Ghost agrees to a one-week extension on Boston Dynamics' final infringement contentions, as the Court also indicated it would grant such a request if opposed.

Best,
Niki

**From:** Niki Edmonds <nikiedmonds@quinnemanuel.com>
**Sent:** Tuesday, January 2, 2024 1:00 PM
**To:** GhostRobotics_DDE <GhostRobotics_DDE@finnegan.com>; SKGhostRobotics <SKGhostRobotics@shawkeller.com>
**Cc:** qe-bostondyn-v-ghostrobot <qe-bostondyn-v-ghostrobot@quinnemanuel.com>; Egan, Brian P. <began@morrisnichols.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** Boston Dynamics v. Ghost Robotics | final infringement contentions

Kelly,

In light of today's hearing, does Ghost agree to a one-week extension on Boston Dynamics' final infringement contentions (to February 1, 2024)?

Best,
Niki

**Niki Edmonds**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520
Boston, MA 02199
617.712.7136 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
nikiedmonds@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential,

proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

8

# EXHIBIT C

## Chard, Beth Ann

| | |
|---|---|
| **From:** | Deepa Acharya <deepaacharya@quinnemanuel.com> |
| **Sent:** | Friday, January 19, 2024 1:17 PM |
| **To:** | GhostRobotics_DDE; SKGhostRobotics |
| **Cc:** | qe-bostondyn-v-ghostrobot; Blumenfeld, Jack; Egan, Brian P. |
| **Subject:** | [EXT] Boston Dynamics v. Ghost Robotics | Ghost Robotics' Supplemental Interrogatory Responses |

Counsel,

We are in receipt of your supplemental response to Boston Dynamics' Interrogatory No. 2 which seeks Ghost Robotics' non-infringement contentions. We are disappointed that Ghost Robotics failed to provide the information the Court ordered on January 2 for Ghost Robotics to provide to Boston Dynamics. These supplemental responses provide Boston Dynamics with no more information than Ghost Robotics' September 11, 2023 supplemental response to Interrogatory No. 7, which this Court stated are "not responsive" to Boston Dynamics' interrogatories.

The Court asked Ghost Robotics "to provide more fulsome non-infringement contentions that explain why the elements of the claims that [Ghost Robotics] say are not met are not actually met." Instead, Ghost robotics merely argues that Boston Dynamics' evidence is insufficient to show infringement as opposed to explaining why Ghost Robotics does not practice the asserted claim limitations. Accordingly, Ghost Robotics' supplemental responses are in direct violation of what the Court ordered Ghost Robotics to do at the January 2 hearing.

Please confirm that Ghost Robotics will further supplement its non-infringement contentions to the level of detail the Court required Ghost Robotics to provide to Boston Dynamics. Any such supplement needs to be done by next Wednesday, so that Boston Dynamics has time to review them before it serves final infringement contentions. As the Court noted and appreciated, Ghost Robotics failure to provide these non-infringement contentions prejudices Boston Dynamics' ability to set forth final infringement contentions.

To the extent Ghost Robotics refuses to supplement its non-infringement contentions, we will move to exclude any non-infringement contentions that Ghost Robotics' experts opine on that are not disclosed in response to Boston Dynamics' interrogatories to provide Boston Dynamics sufficient time during fact discovery to investigate those contentions. *See* January 2 Tr. 41:10-19 ("So I think that I will say if you do have positions on the other patents, you should supplement those positions. If you don't have them, we'll understand that you aren't including them because you don't have them, and you won't be able to add them later at a time if you go back and find them."). Further, to the extent Ghost Robotics later supplements its non-infringement contentions with information it could have provided to Boston Dynamics now, Boston Dynamics reserves the right to move to strike those responses or seek any other relief permitted by the Court. As you know, the Court repeatedly told Ghost Robotics at the January 2 hearing that it has to supplement its responses with the information it currently has and cannot withhold that information from Boston Dynamics.

Best,
Deepa

---

**Deepa Acharya | Partner**
**Quinn Emanuel Urquhart & Sullivan, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
T: +1 (202) 538-8107
F: +1 (202) 538-8100
E: deepaacharya@quinnemanuel.com

1

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.