IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOSTON DYNAMICS, INC., )
)
        Plaintiff, )
)
v. ) C.A. No. 22-1483 (MN)
)
GHOST ROBOTICS CORPORATION, )
)
        Defendant. )

**<u>PLAINTIFF'S SUR-REPLY MARKMAN BRIEF</u>**

OF COUNSEL:

Steven C. Cherny
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Deepa Acharya
Jared W. Newton
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
(202) 538-8000

September 25, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF EXHIBITS .......................................................................................................... iii

TABLE OF CITATIONS AND ABBREVIATIONS................................................................ iv

I.   '588 PATENT TERM................................................................................................... 1

   A.   "a target swing trajectory for a first foot of the robot during a step, and wherein the target swing trajectory during the step comprises a beginning at a first time, and an end at a second time" ('588 patent, cls. 1, 2, 12, 17) ............ 1

II.  CONCLUSION............................................................................................................. 5

## TABLE OF AUTHORITIES

Page(s)

Merriam Webster's Collegiate Dictionary, 11th Ed (2014) ........................................................... 4

U.S. Patent No. 11,326,588 ................................................................................................. *passim*

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 14 | September 12, 2024 Markman Hearing Transcript |
| 15 | Merriam Webster's Collegiate Dictionary, 11th Ed (2014) |

iii

TABLE OF CITATIONS AND ABBREVIATIONS

| Full Citation/Reference | Abbreviation |
|---|---|
| Defendant Ghost Robotics Corporation | Ghost |
| U.S. Patent No. 11,326,588 | '588 Patent |

I. **'588 PATENT TERM**

A. **"a target swing trajectory for a first foot of the robot during a step, and wherein the target swing trajectory during the step comprises a beginning at a first time, and an end at a second time" ('588 patent, cls. 1, 2, 12, 17)**

| Boston Dynamics' Proposed Construction | Ghost's Proposed Construction |
|---|---|
| "anticipated swing path" | "a planned path, starting at a beginning time and ending at a second time, through a forward swing for the first foot before the first foot has begun to step down" |

During the September 12, 2024 claim construction hearing, it became clear that the main dispute regarding the term "target swing trajectory" is whether it requires a fixed, pre-planned path for each step the robot's foot takes while walking (Ghost's position), or whether the foot's path or trajectory may be determined during a particular step (Boston Dynamics' position). Specifically, Ghost argued at the hearing that "once you have set the gait, once you have chosen it's going to jog, it's going to walk, it's going to trot, at that point you have planned the gait for the robot. *It's going to keep following that trajectory unless or until a disturbance happens.*"[1] Ex. 14 at 84:2-8. The intrinsic evidence, however, contradicts that argument and demonstrates that the "target swing trajectory" does not have to be pre-planned and unchanging. Rather, that trajectory is determined for an individual step and may even be determined during the step based on conditions the robot experiences.

The claims of the '588 Patent themselves support Boston Dynamics' position. Claim 1, for example, requires "a target swing trajectory for a first foot of the robot *during a step*, and wherein the target swing trajectory *during the step* comprises a beginning at a first time, and an end at a second time" (emphasis added). Claims 12 and 17 contain similar language. And asserted dependent claim 2 makes absolutely clear that the target swing trajectory may be ***determined***

---

[1] Emphases added unless otherwise noted.

*during* a particular step. '588 Patent at claim 2 ("***determining the target swing trajectory*** for the first foot of the robot ***during the step***").

Thus, the claimed inventions do not require that the target swing trajectory be preplanned for multiple steps or that the entire gait be preplanned. And, as shown above, claim 2 actually requires that the trajectory be determined during the step. This makes sense in the context of the inventions. Once the anticipated trajectory for the step is determined, the robot can make decisions based on whether an event such as touching the ground has occurred as the foot passes through ***that specific target trajectory*** and react accordingly. *See*, *e.g.*, '588 Patent at claim 12 (causing the second foot of the robot to lift off the ground if the first foot contacts the ground before the end of the target swing trajectory); claim 17 (reducing a force on the second foot if the first foot does not contact the ground before the end of the target swing trajectory); 1:37-1:64 (describing different actions that the robot may take when disturbances and indications are detected relative to the target swing trajectory).[2]

The specification explains exactly why this flexibility is part of the claimed inventions. Because the robot moves through a non-uniform environment, it adjusts its gait to account for uneven ground surfaces, inclines, declines, and obstacles. *See*, *e.g.*, '588 Patent at 1:30-1:32 ("implementations described herein may allow for efficient operation of a legged robot that encounters rough or uneven terrain"); *id*. at 5:1-5:5 ("the robot may react to an indication that a leg in a swing state has contacted the ground surface earlier than anticipated based on a target

---

[2] Of course, it is permissible for the gait to go unchanged if there are no disturbances or indications of a change in ground surface. In such cases, the target swing trajectory for each step in a particular gait may follow a similar path. *See* '588 Patent at 29:49-51 ("The target swing trajectory of the first foot may approximate a relatively even ground surface."). The claims, however, allow the "target swing trajectory" to change from one step to another—or even during the step—to account for conditions the robot experiences. *See*, *e.g.*, *id*. at claim 2.

swing trajectory that was determined for the foot. This may occur relatively frequently when the robot encounters uneven terrain, and may indicate that the robot is beginning to walk up an incline, or surmount an obstacle."); *id*. at 5:7-9 ("***The robot may adjust its gait***, among other possible reactions, to compensate for the early ground contact"); *id*. at 5:17-18 ("***The robot may adjust its gait***, among other possible reactions, to compensate for late ground contact.").

As part of adjusting its gait, the robot can determine a target swing trajectory that allows it to "obtain or maintain a desired velocity," "avoid obstacles," and prevent "a possible collision between the legs of the robot." *Id*. at 27:21-27:25 ("The target swing trajectory may have a beginning and an end, as well as other attributes that are determined by the robot **200** to obtain or maintain a desired velocity of the robot **200** or to avoid obstacles, among other possibilities"), 27:41-27:50 ("the robot **200** may include sensors in its legs that may detect the position of the legs with respect to the robot's body. This may allow the robot **200** to determine that a target swing trajectory of a swinging leg may intersect or nearly intersect with the current position of the stance leg"). This degree of flexibility—and the actions the robot takes in response to changing conditions—would be impossible if the target swing trajectory were fixed. The gait can vary and, as part of that gait, the target swing trajectory can vary based on a choice of parameters.

The other requirements in Ghost's proposed construction—that the target trajectory is "through a forward path" and ends "before the first foot has begun to step down"—are likewise unsupported. Nothing in the claims or specification limits the target swing trajectory to a forward path or excludes backwards or sideways motion of the robot's foot. And, importantly, the claims and specification describe embodiments in which the target swing trajectory includes the portion of the swing where the foot begins to step down. '588 Patent at claim 12 ("detecting an indication that the first foot of the robot has contacted a ground surface before the second time [of the target

swing trajectory]"); 29:51-29:55 ("the first foot **1402a** may make contact with the ground surface a portion of the way up the hill, or on the first step.  Either of these locations may correspond to a point in the target swing trajectory that is before the end of the trajectory.").  Ghost's construction would conflict with the claim language and impermissibly exclude those embodiments.

Boston Dynamics proposes that the term "target swing trajectory" be construed as "anticipated swing path."  This is consistent with the intrinsic record and the stated focus of the invention—that the robot be able to adjust to changes which occur during pendency of a step.  *See*, *e.g.*, '588 Patent at 27:21-27:25; Figs. 12, 13, 15; claims 1, 2, 12, 17.  The term "anticipated" is consistent with the plain and ordinary meaning of "target," which is "a mark to shoot at."  Ex. 15, Merriam Webster's Collegiate Dictionary, 11th Ed (2014) at 1278.  It is also consistent with the specification, which describes the target swing trajectory in terms of the anticipated action of the robot.  '588 Patent at 5:1-5:4 ("the robot may react to an indication that a leg in a swing state has contacted the ground surface earlier than anticipated based on a target swing trajectory that was determined for the foot").  Boston Dynamics' proposal also reflects the plain and ordinary meaning of "trajectory," which includes "a path, progression, or line of development"—without imposing a requirement that the trajectory is pre-planned or unchanging.  Ex. 15 at 1326.

Finally, Boston Dynamics' proposal makes sense when read in the context of the asserted claims.  In claims 1, 12, and 17, for example, the target swing trajectory begins at a first time and ends at a second time.  Under Boston Dynamics' proposal, each step will have an anticipated path for the first foot of the robot during this time based, amongst other things, on disturbances and indications the robot has detected and parameters such as speed and step height.  But, as the robot encounters changed circumstances or new parameters during a step, the robot can adjust its gait

4

and, accordingly, the target swing trajectory or anticipated swing path for that step can be adjusted as well.

## II.    CONCLUSION

For the reasons discussed above, Boston Dynamics respectfully requests that the Court adopt Boston Dynamics' proposed construction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff*

OF COUNSEL:

Steven C. Cherny
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Deepa Acharya
Jared W. Newton
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
(202) 538-8000

September 25, 2024

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 25, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Frank A. DeCosta, III, Esquire<br>Elizabeth A. Niemeyer, Esquire<br>Kelly S. Horn, Esquire<br>Mingji Jin, Esquire<br>Cara E. Regan, Esquire<br>Malcolm T. Meeks, Esquire<br>Milan F. Feliciello, Esquire<br>Christian Sanders, Esquire<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC  20001-4413<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)